

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

ENTERED
06/12/2020

| | | |
|---|---|---|
| IN RE: | § | |
| BIANCA CRUZ | § | CASE NO: 18-10208 |
| Debtor | § | |
| | § | CHAPTER 7 |

## MEMORANDUM OPINION

Pending before the Court are Deighan Law LLC's ("*UpRight*") Motion to Strike Portions of the Reply Brief of the United States Trustee ("*Motion to Strike*") filed on March 5, 2020, and the United States Trustee's ("*U.S. Trustee*") Objection to the Motion ("*Objection*") filed on March 16, 2020. On May 27, 2020, the Court held a hearing on the Motion and Objection ("*Hearing*"). Considering the pleadings on file, arguments of counsel, applicable law, and for the reasons stated on the record, the Court finds that the U.S. Trustee's Objection should be overruled, and UpRight's Motion should be granted in part and denied in part.

**A.  Procedural History**

The instant dispute arises out of a larger dispute regarding a motion filed by the U.S. Trustee styled as "Motion of the United States Trustee For Court To (1) Examine Debtor's Transactions With Attorneys; (2) Cancel Debtor's Agreement With Attorneys; (3) Disallow And Order Disgorgement Of Excessive Fees; and (4) Impose Sanctions Against Attorneys (the "*U.S. Trustee's Motion*") filed by the United States Trustee for Region 7."[1] The attorneys in this case are Marina R. Dominguez ("*Ms. Dominguez*"), who was Debtor's former counsel, and Deighan Law, LLC f/n/a Law Solutions Chicago, LLC, d/b/a UpRight Law LLC, d/b/a Chern Law LLC.[2]

---

[1] ECF No. 27.

[2] ECF No. 157, Deighan Law LLC is the current name of the law firm that previously did business under the name Law Solutions Chicago LLC, and which was registered to do business in the State of Texas as Chern Law LLC. Law Solutions Chicago, LLC is an Illinois limited liability company.  ECF No. 46 at 5. Prior to that, Law Solutions

The Court held a trial regarding the U.S. Trustee's Motion over several days which began on November 2, 2018 and concluded on December 6, 2018. At the conclusion of the December 8, 2018 hearing the Court issued certain orders which ultimately resulted in the Court issuing a Show Cause Order on December 27, 2018.[3] The Court's Show Cause Order directed David M. Menditto and Marina Dominguez to turn over certain original documents to the Court. On March 4, 2019, and upon request of the parties, the Court abated all post-trial briefing.[4] A hearing on the Court's Show Cause Order was held on March 6, 2019, continued to March 29, 2019 and concluded on April 26, 2019.

After conducting several other miscellaneous hearings, the Court on July 29, 2019 held a status conference regarding previously abated briefing deadlines and issued a new briefing scheduling order. The Court ordered: (1) the U.S. Trustee shall have until September 13, 2019, to submit its post-hearing brief; (2) Mr. Menditto and Ms. Dominguez shall have until October 11, 2019, to file responsive briefs; and (3) the U.S. Trustee shall then have until October 18, 2019, to file any reply brief.[5] After granting several extensions to the Court's scheduling order, each of the parties timely filed their post-trial briefs.[6] On March 5, 2020, Upright filed its motion to strike portions of the U.S. Trustee's post-trial reply brief.[7] The U.S. Trustee filed its

---

Chicago, LLC did business in the State of Texas and was commonly known as UpRight Law and solicited prospective clients over the internet by using the website www.uprightlaw.com. *Id.* at 6. Law Solutions Chicago, LLC is authorized to provide legal services in Texas through Allen Chern Law LLC. *Id.* Allen Chern Law LLC has changed its name to Chern Law LLC, and Chern Law LLC is the registered assumed name by which Law Solutions Chicago, LLC provides services in Texas. *Id.* at 5–6. Allen Chern Law LLC is the previous registered assumed name by which Law Solutions Chicago, LLC provided services in Texas. *Id.* On May 16, 2019, the Office of the Secretary of State of Texas issued a Certificate of Amended Registration changing the name under which the firm does business in the State of Texas to Deighan Law LLC.
[3] ECF No. 72.
[4] ECF No. 106.
[5] ECF No. 128.
[6] ECF Nos. 148, 158–163.
[7] ECF No. 164.

objection to Upright's Motion to Strike on March 16, 2020.[8] On May 27, 2020, the Court held a hearing and at the conclusion of the hearing the Court took both matters under advisement,[9] and now issues the instant Memorandum Opinion.

### B. Jurisdiction, Venue, and Constitutional Authority to Enter a Final Order

The Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and now exercises its jurisdiction in accordance with Southern District of Texas General Order 2012–6.[10] This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A) as it "concern[s] the administration of the estate." Further, this dispute is a core proceeding pursuant to the general "catch-all" language of 28 U.S.C. § 157(b)(2).[11] Nevertheless, to the extent these are non-core matters, parties may consent to jurisdiction of this Court on non-core matters to enter a final order.[12] The U.S. Trustee filed its notice of consent to the entry of final orders on all non-core matters by the Bankruptcy Court on September 14, 2018,[13] and UpRight filed its notice of consent on October 26, 2018.[14] Therefore, even if the matters before the Court are non-core matters, all parties have consented, and this Court holds constitutional authority to enter a final order and judgment.

Finally, venue is governed by 28 U.S.C. §§ 1408, 1409. Venue is proper because Debtor's principal place of residence has been in the Southern District of Texas for the 180 days immediately preceding the Petition date.

### C. Analysis

*UpRight's Motion Was Proper*

---

[8] ECF No. 165.
[9] ECF No. 172.
[10] *In re*: *Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[11] *See Southmark Corp. v. Coopers & Lybrand* (*In re Southmark Corp.*), 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.").
[12] *Wellness Int'l Network v. Sharif*, 135 S. Ct. 1932, 1938-39 (2015); *Stern v. Marshall*, 564 U.S. 462 (2011).
[13] ECF No. 27.
[14] ECF No. 46.

UpRight's Motion to Strike alleges that the U.S. Trustee raised several arguments for the first time in its Reply Brief filed on February 28, 2020 ("*Reply Brief*"),[15] and that such arguments should be struck.  In response, the U.S. Trustee, in its Objection, argues that the Motion to Strike is simply an unauthorized sur-reply disguised as a Motion and should not be considered by this Court.[16]  Per the Court's post-trial briefing deadlines, Upright was not permitted to file a sur-reply.[17]  At the Hearing, the U.S. Trustee argued that the proper procedural vehicle for UpRight would have been to file a motion for leave to file a sur-reply instead of the instant Motion to Strike.[18]

The Court recognizes that UpRight could have filed a motion for leave to file a sur-reply, but Rule 7012 does not apply to this contested matter.[19]  The Code sections cited by the U.S. Trustee in support of its position do not demonstrate why UpRight's Motion to Strike should not be considered by this Court.  Rules 9013 and 9014 bring the determination of UpRight's Motion to Strike within the purview of this Court.[20]  Additionally, UpRight's Motion to Strike is appropriate because it seeks affirmative relief from the Court where a sur-reply does not.  Accordingly, the Court overrules the U.S. Trustee's Objection and exercises its authority pursuant to 11 U.S.C. § 105(a) in addressing UpRight's Motion to Strike.[21]

---

[15] ECF No. 163.
[16] *See* ECF No. 165.
[17] ECF No. 148.
[18] Min. Entry May 27, 2020.
[19] The litigation before the Court is a contested matter under Rule 9014.  That Rule provides in relevant part: "(c) Application of Part VII Rules. Except as otherwise provided in this rule, and unless the court directs otherwise, the following rules shall apply: 7009, 7017, 7021, 7025, 7026, 7028-7037, 7041, 7042, 7052. 7054-7056, 7064, 7069, and 7071."  The UST recognizes this argument in its briefing but goes on to argue that UpRight's Motion is unwarranted pursuant to Fed. R. Civ. P. 12(f). However, Fed. R. Civ. P. 12(f) is inapplicable since Rule 7012 does not apply, and the Court need not examine further.
[20] FED. R. BANKR. P. 9014.
[21] 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

      *i.*      *Section IV, Footnotes 3 and 4 of the U.S. Trustee's Reply Brief*

First, UpRight argues that the Court should strike Footnotes 3 and 4 of the Reply Brief because the U.S. Trustee inappropriately cited to two non-final decisions issued by other courts in which they criticized UpRight's counsel.[22] UpRight asserts that the U.S. Trustee has sought no relief against UpRight's counsel in the U.S. Trustee's Motion, it is not a party to the *Order to Show Cause Why David M. Menditto and Marina Dominguez Should Not Be Held in Contempt* ("*Show Cause Order*"), and the U.S. Trustee did not argue that any sanctions or discipline should be imposed upon UpRight's counsel.[23] UpRight contends that even if the U.S. Trustee had sought relief against UpRight's counsel in the U.S. Trustee's Motion or had advocated that sanctions or discipline be imposed in connection with the Court's Show Cause Order, the comments offered by the U.S. Trustee in footnotes 3 and 4 are not evidence that can be considered by the Court in this case.[24] In response, the U.S. Trustee argues that footnotes 3 and 4 are within the scope of and are responsive to arguments made by UpRight in its briefing.[25]

Pursuant to Federal Rule of Evidence 201, the Court, on its own, may judicially notice a fact that is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.[26] Nevertheless, although this Court may take judicial notice of the two non-final decisions issued by other courts in which they criticized UpRight's Counsel, this Court may not take judicial notice that its contents are accurate.[27] Accordingly, the Court

---

[22] ECF Nos. 163, 164.
[23] ECF No. 72.
[24] ECF No. 164.
[25] At the Hearing, UST alleges that the arguments made in its reply brief at ECF No. 163 are responsive to ECF No. 160 at 2 and ECF No. 159 at 7–9.
[26] Fed. R. Evid. 201(b); Fed. R. Evid. 201(c).
[27] *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) ("A court may take judicial notice of 'a document filed in another court ... to establish the fact of such litigation and related filings,' but generally cannot

cannot properly consider the cases cited in Footnotes 3 and 4 of the U.S. Trustee's Reply Brief.[28] Therefore, UpRight's Motion to Strike Footnotes 3 and 4 of the U.S. Trustee's Reply Brief is granted.

### ii. Sections III and IV of the U.S. Trustee's Reply Brief

Second, UpRight asks the Court to strike Sections III and IV of the U.S. Trustee's Reply Brief in which the U.S. Trustee argues that the Court should "suspend" UpRight's ability to file cases in the Southern District of Texas.[29] UpRight contends that any arguments related to a suspension of UpRight have been waived because the U.S. Trustee never sought a suspension in the U.S. Trustee's Motion, nor did he suggest a suspension of the firm was appropriate during the two-day hearing on the U.S. Trustee's Motion.

The U.S. Trustee, on the other hand, argues that Sections III and IV of its Reply Brief are appropriate because UpRight in its post-trial brief made the argument that due process precludes the Court from considering any claims or imposing any relief against UpRight that was not specifically included in the U.S. Trustee's Motion.[30] Additionally, the U.S. Trustee contends that UpRight was put on notice that the Court could consider suspending UpRight's ability to file cases in the Southern District of Texas because the Court has inherent authority pursuant to 11 U.S.C. § 105 to deter UpRight from repeating such misconduct in the future.[31]

---

take notice of the findings of fact from other proceedings because those facts are usually disputed and almost always disputable.").
[28] *See Robbins v. Delafield*, 2018 WL 832894 *16-17 (Bankr. W.D. Va. Feb. 12, 2018); *see In re Cook,* 610 B.R. 852, 862 (Bankr. N.D. Ill. 2019).
[29] ECF Nos. 163, 164.
[30] ECF No. 159 at 9; *see* ECF No. 27.
[31] Min. Entry May 27, 2020 (the UST refers to the *Banks* case cited in its post-trial brief at ECF No. 158 as support for its position).

Upon examination of the docket, the U.S. Trustee requested relief under § 105 in the U.S. Trustee's Motion.[32] Section III of the U.S. Trustee's Reply Brief references the Court's inherent authority and states that "the Court should exercise its authority under 11 U.S.C. § 105(a) or its inherent authority to address the misconduct proven over multiple hearings, and some of which occurred in the presence of the Court."[33] Section III makes no reference to a suspension of UpRight's ability to file cases in the Southern District of Texas. As such, since Section III of the Reply Brief references arguments made in the U.S. Trustee's Motion and makes no mention of a suspension of any kind, the Court will not strike Section III of the U.S. Trustee's Reply Brief. Section IV of the U.S. Trustee's Reply Brief does reference a suspension of UpRight.[34] However, the U.S. Trustee addressed the possibility of a suspension in its original post-trial brief, and cited to the Court's inherent authority as grounds for determining whether a suspension is appropriate.[35] Such argument of the Court's inherent authority is also found in the U.S. Trustee's Motion. As such, the Court will not strike Section IV of the U.S. Trustee's Reply Brief.[36] Accordingly, UpRight's Motion to strike sections III and IV of the U.S. Trustee's Reply Brief is denied.[37]

    iii.    *Section IV, the second full paragraph on Page 7 through the end of that section of the U.S. Trustee's Reply Brief*

Third, UpRight asks the Court to strike Section IV, the second full paragraph on Page 7 through the end of that section of the U.S. Trustee's Reply Brief.[38] UpRight argues that the U.S.

---

[32] ECF No. 27.
[33] ECF No. 163 at 3.
[34] ECF No. 163. at 4–6.
[35] ECF No. 158 ("The Fifth Circuit has noted that under their inherent powers, courts may discipline, suspend, and disbar attorneys. *In re Goode,* 821 F.3d 553, 559 (5th Cir. 2016), citing *Chambers,* 501 U.S. at 43, and *Resolution Trust Corp. v. Bright,* 6 F.3d 336, 340 (5th Cir.1993).").
[36] ECF No. 27 at 15.
[37] ECF No. 163.
[38] ECF Nos. 163, 164.

Trustee suggests for the first time that because UpRight's ability to file cases has been "suspended" in the Western District of Virginia and the Northern District of Alabama, it may be subject to reciprocal discipline under Disciplinary Rule 3.[39]  UpRight argues that the U.S. Trustee's Reply Brief is the first time in which it was suggested that UpRight may be subject to reciprocal discipline under Disciplinary Rule 3. As such, the argument goes, the issue has been waived and should be stricken from the U.S. Trustee's Reply Brief.[40]

At the Hearing, the U.S. Trustee argued that Section IV, the second full paragraph on Page 7 through the end of that section of its Reply Brief is responsive to claims made by UpRight in its post-trial brief.[41]  Upright, in its post-trial brief, argues that if the Court determines that the requested suspension of UpRight's ability to file cases in the Southern District is in fact a request for a suspension, the Court lacks authority to impose such relief pursuant to Rule 5 of the Rules of Discipline of the United States District Court for the Southern District of Texas.[42]  The U.S. Trustee argues that the inclusion of Disciplinary Rule 3 in its Reply Brief is an attempt to refute UpRight's argument under Rule 5 of the Rules of Discipline of the United States District Court for the Southern District of Texas.

The Court recognizes that this portion of the U.S. Trustee's Reply Brief is within the scope and responsive to UpRight's post-trial brief.[43]  Nevertheless, the question of whether in fact Disciplinary Rule 3 should apply in the instant proceeding will be left for another day.  For purposes of UpRight's Motion and the U.S. Trustee's Objection, the Court merely finds that the

---

[39] *Id.*
[40] *Id.*
[41] ECF No. 159 at 26; ECF No. 163 at 6.
[42] *Id.*
[43] ECF No. 163 at 6 ("Interestingly, Upright ends its brief by arguing that even if the Court could suspend it, it cannot do so pursuant to Rule 5 of the District Court Rules of Discipline. Such argument is unpersuasive because Rule 3(A) of the District Court Rules of Discipline…").

argument will not be struck because it is in fact responsive to UpRight's post-trial brief.[44] Accordingly, UpRight's Motion to Strike Section IV, the second full paragraph on Page 7 through the end of that section of the U.S. Trustee's Reply Brief is denied.[45]

    *iv.*    *Section I, the second full paragraph on Page 3 of the U.S. Trustee's Reply Brief*

Fourth, UpRight asks the Court to strike Section I, the second full paragraph on Page 3 of the U.S. Trustee's Reply Brief in which UpRight alleges that the U.S. Trustee argues for the first time that the Show Cause Order put UpRight on notice that discipline might be imposed on it.[46] UpRight contends that this argument is without merit and has been waived because it was never asserted prior to the U.S. Trustee's Reply Brief.

As pointed out by UpRight, the Show Cause Order did not indicate that UpRight might be subject to discipline by this Court, nor did the U.S. Trustee in his post-trial brief suggest that relief should be imposed on UpRight based on the failure of its counsel and Ms. Dominguez to produce the original of Respondents Exhibit 11 bearing Ms. Cruz's wet signature.[47] However, the U.S. Trustee argued at the Hearing that this section is in response to UpRight's argument that due process precludes the Court from considering any claims not specifically written in the U.S. Trustee's Motion.[48]

Further examination of the U.S. Trustee's Motion supports this argument because the U.S. Trustee referenced the Court's inherent powers including "[its] authority to control admission to its bar, to discipline attorneys who appear before it, and to sanction individuals for

---

[44] ECF No. 159.
[45] ECF Nos. 163, 164.
[46] *Id.*
[47] ECF Nos. 72, 158.
[48] ECF No. 27 at 15.

'bad faith' or 'willful misconduct' in the case."[49] In the prayer, the U.S. Trustee requests that this Court "order such other relief as may be equitable and just."[50] As such, the U.S. Trustee's Reply Brief stating that "Upright was further provided with notice by the United States Trustee's Motion that the Court may exercise its disciplinary authority over it" is within the scope of and responsive to UpRight's allegation that due process precludes the Court from considering any claims not specifically written in the U.S. Trustee's Motion.[51]

However, it remains that Upright was not included in the Court's Show Cause Order. Accordingly, UpRight's Motion to strike Section I, the second full paragraph on Page 3 of the U.S. Trustee's Reply Brief is granted in part and denied in part. The Court will not strike the first sentence of the second full paragraph of Section I on Page 3 of the U.S. Trustee's Reply Brief.[52] The Court will strike the remainder of the second full paragraph of Section I on Page 3 of the U.S. Trustee's Reply Brief referencing the Court's Show Cause Order.[53]

    v.    *Section II of the U.S. Trustee's Reply Brief*

Fifth, UpRight asks the Court to strike Section II in which UpRight alleges that the U.S. Trustee argues for the first time that UpRight has improperly sought to distance itself from Ms.

---

[49] *Id.* ("The Court also has authority based on its inherent power, which derives from the very nature of the bankruptcy court as a court of justice. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-48 (1991); *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine)*, 77 F.3d 278, 284-85 (9th Cir. 1996) (holding that the bankruptcy court has the same inherent authority 'that *Chambers* recognized . . . within Article III courts'). These inherent powers include the authority to control admission to its bar, to discipline attorneys who appear before it, and to sanction individuals for 'bad faith' or 'willful misconduct' in the case. *Chambers*, 501 U.S. at 43.").
[50] *Id.* at 16.
[51] ECF No. 163 at 3.
[52] *Id.* ("Upright was further provided with notice by the United States Trustee's Motion that the Court may exercise its disciplinary authority over it.").
[53] *Id.* ("Upright had notice of the Court's *Order to Show Cause* and the *Order Granting Motion to Reopen Evidence*, and had an opportunity to present evidence at four evidentiary hearings and respond in the Respondents' Briefs. Dkt. Nos. 72, 108 and 109. That is all that is required for due process. *See NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 706-07 (5th Cir. 1990) (affirming disbarment and suspension of attorneys after evidentiary hearing on motion for monetary sanctions, where court raised possibility of disciplinary action after hearing, but afforded the appellants due process because they were allowed to submit post-trial briefs to address proposed disciplinary measures).").

Dominguez and disavowed responsibility for her actions.[54] At the Hearing, the U.S. Trustee argued that this portion of its Reply Brief is responsive to an inconsistency in UpRight's post-trial brief.[55] In UpRight's post-trial brief, UpRight discusses Ms. Dominguez's status as a "debt relief agency."[56] The Court not need today decide the issue of whether Ms. Dominguez is in fact a debt relief agency or whether UpRight has improperly sought to distance itself from Ms. Dominguez and disavowed itself of any responsibility for her actions as such matters are within the scope of and responsive to UpRight's post-trial brief. Additionally, the arguments advanced by both UpRight in its Motion to Strike and the U.S. Trustee regarding the issues raised in Section II of the U.S. Trustee's Reply Brief are the sole province of the Court to decide. UpRight's Motion to Strike Section II of the U.S. Trustee's reply brief is denied.

> vi. *Section V, the first full paragraph on Page 9 and the first full paragraph on Page 10 of the U.S. Trustee's Reply Brief*

Sixth, UpRight asks the Court to strike in Section V, the first full paragraph on Page 9 and the first full paragraph on Page 10 in which the U.S. Trustee alleges that UpRight acted improperly by providing most of the relief requested in the U.S. Trustee's Motion prior to the U.S. Trustee filing his post-trial brief.[57] The arguments raised by the U.S. Trustee requesting that this Court consider UpRight's actions in relation to the prayer for relief as outlined in the U.S. Trustee's Motion are proper.[58] The Court will not be constrained to examining evidence in a light as portrayed the parties in post-trial briefing, and the arguments made by both parties therein need not be resolved at this time. The Court is free examine all evidence in the record

---

[54] ECF No. 164.
[55] Min. Entry May 27, 2020.
[56] ECF No. 159 n.7 ("The prohibitions in § 526(a), which apply solely to debt relief agencies, do not apply to Ms. Dominguez personally based on her alleged conduct in this case. While Ms. Dominguez is a "debt relief agency" (indeed, the parties stipulated to this fact), she is not considered a debt relief agency for purposes of § 526 when representing an UpRight client in her capacity as a partner of the firm. *See* 11 U.S.C. § 101(12A)…").
[57] ECF No. 159.
[58] Min. Entry May 27, 2020; *see* ECF Nos. 27, 159, 163.

because the arguments advanced by both UpRight in its Motion to Strike and the U.S. Trustee regarding the issues raised in Section V, the first full paragraph on Page 9 and the first full paragraph on Page 10 of the U.S. Trustee's Reply Brief are the sole province of the Court to decide.[59] Accordingly, UpRight's Motion to Strike Section V, the first full paragraph on Page 9 and the first full paragraph on Page 10 is denied.

    vii.    *Section VI of the U.S. Trustee's Reply Brief*

Seventh, UpRight asks the Court to strike Section VI of the U.S. Trustee's Reply Brief in which UpRight alleges that the U.S. Trustee argues for the first time that a civil penalty relief greater than the $5,000 penalty imposed in *Banks* should be imposed on UpRight.[60] While the instant issue was not raised in the U.S. Trustee's Motion, it was raised in its original post-trial brief.[61] The arguments advanced by both UpRight in its Motion to Strike and the U.S. Trustee regarding the issues raised in Section VI of the U.S. Trustee's Reply Brief are the sole province of the Court to decide.[62] Accordingly, UpRight's Motion to Strike Section VI in which the U.S. Trustee argues that a civil penalty relief greater than the $5,000 penalty imposed in *Banks* should be imposed on UpRight is denied.

    viii.    *Section I, the second and third paragraphs of that section of the U.S. Trustee's Reply Brief*

Eighth, UpRight asks the Court to strike the second and third paragraphs of Section I of the U.S. Trustee's Reply Brief in which UpRight alleges that the U.S. Trustee argues for the first

---

[59] Min. Entry May 27, 2020 (The UST takes issue with UpRight's contentions regarding a refund check sent to Ms. Cruz).
[60] *Id.*
[61] Min. Entry May 27, 2020 (The UST argues that it may take more than a penalty than $5,000.000 "to get UpRight's attention." The UST is responding to UpRight's interpretation of the *Banks* case and argument in its post-trial brief); ECF No. 159 at 3; ECF No. 158 at 29 (The UST cites to *Banks* as support for penalties under 11 U.S.C. §§ 105 and 526 in its post-trial brief. Each of these Code sections are grounds under which the UST sought relief in the U.S. Trustee's Motion at ECF No. 27.).
[62] *Id.*

time that his generic request for "further relief" provides an independent basis on which the Court can impose relief against UpRight.[63] The U.S. Trustee raised the instant issue in its original post-trial brief.[64] The arguments advanced by both UpRight in its Motion to Strike and the U.S. Trustee regarding the issues raised in Section V, the first full paragraph on Page 9 and the first full paragraph on Page 10 of the U.S. Trustee's Reply Brief are the sole province of the Court to decide.[65] Accordingly, UpRight's Motion to Strike Section I, the second and third paragraphs of that section in which the U.S. Trustee argues that his generic request for "further relief" provides an independent basis on which the Court can impose relief against UpRight is denied. Accordingly, it is therefore:

**ORDERED**: that

1. The United States Trustee's Objection to Deighan Law LLC's Motion To Strike[66] is OVERRULED.

2. UpRight's request that Section IV, Footnotes 3 and 4 of the U.S. Trustee's Reply Brief[67] be struck is GRANTED.

3. UpRight's request that Sections III and IV of the U.S. Trustee's Reply Brief[68] be struck is DENIED.

4. UpRight's request that Section IV, the second full paragraph on Page 7 through the end of that section of the U.S. Trustee's Reply Brief[69] be struck is DENIED.

---

[63] ECF No. 163 at 1–2 (In its Reply Brief, the U.S. Trustee cites to the U.S. Trustee's Motion: "Moreover, the Respondents were on notice that pursuant to 11 U.S.C. § 105(a) and its inherent authority, the Court was being asked 'to provide any further relief as the Court deems necessary to deter [the Respondents] from repeating such misconduct in the future.'").

[64] ECF No. 158; *see also* ECF No. 27 (The U.S. Trustee's Motion stated that "[u]nder 11 U.S.C. § 105(a), the Court possesses statutory authority to issue 'any order' that is 'necessary or appropriate to carry out the provisions of this title,' including 'taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.' The Court also has authority based on its inherent power, which derives from the very nature of the bankruptcy court as a court of justice.").

[65] *Id.*

[66] ECF No. 165

[67] Requested in Section II.A of the Motion.

[68] Requested in Section II.B of the Motion.

[69] Requested in Section II.C. of the Motion.

5. UpRight's request that Section I, the second full paragraph on Page 3 of the U.S. Trustee's Reply Brief[70] be struck is GRANTED in part and DENIED in part. UpRight's request that the first sentence of the second full paragraph of Section I on Page 3 of the U.S. Trustee's Reply Brief is DENIED.[71] The remainder of the second full paragraph of Section I on Page 3 of the U.S. Trustee's Reply Brief referencing the Court's Show Cause Order is STRUCK.[72]

6. UpRight's request that Section II of the U.S. Trustee's Reply Brief[73] be struck is DENIED.

7. UpRight's request that Section V, the first full paragraph on Page 9 and the first full paragraph on Page 10 of the U.S. Trustee's Reply Brief[74] be struck is DENIED.

8. UpRight's request that Section VI of the U.S. Trustee's Reply Brief[75] be struck is DENIED.

9. UpRight's request that Section I, the second and third paragraphs of that section of the U.S. Trustee's Reply Brief[76] be struck is DENIED.

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED 06/12/2020.

Eduardo V. Rodriguez
United States Bankruptcy Judge

---

[70] Requested in Section II.D of the Motion.
[71] *Id.* ("Upright was further provided with notice by the United States Trustee's Motion that the Court may exercise its disciplinary authority over it.").
[72] *Id.* ("Upright had notice of the Court's *Order to Show Cause* and the *Order Granting Motion to Reopen Evidence*, and had an opportunity to present evidence at four evidentiary hearings and respond in the Respondents' Briefs. Dkt. Nos. 72, 108 and 109. That is all that is required for due process. *See NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 706-07 (5th Cir. 1990) (affirming disbarment and suspension of attorneys after evidentiary hearing on motion for monetary sanctions, where court raised possibility of disciplinary action after hearing, but afforded the appellants due process because they were allowed to submit post-trial briefs to address proposed disciplinary measures).").
[73] Requested in Section II.E of the Motion.
[74] Requested in Section II.F of the Motion.
[75] Requested in Section II.G of the Motion.
[76] Requested in Section II.H of the Motion.